-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILFREDO MARQUEZ,

        Plaintiff,

-v-

C.O. DYLAG, C.O. YACKEREN,
SGT. CORCORAN, and SGT. BERBARY,

        Defendants.



08-CV-0107A

**ORDER**

---

Plaintiff filed a complaint, pro se, alleging that on January 7, 2005, he was assaulted at the Attica Correctional Facility by defendants Correctional Officers Dylag and Yackeren. The Court (Hon. Charles J. Siragusa) granted plaintiff permission to proceed *in forma pauperis* and directed plaintiff to show cause why this action should not be dismissed as duplicative of another action pending in this Court, *Marquez v. Yackeren*, 05-CV-0016A, in which plaintiff alleges that on February 7 or May 8, 2004, defendants Correctional Sergeants Corcoran and Berbary forced him to move to another cell block with knowledge that plaintiff had encountered problems in the past with correctional officers on that cell block, and that on February 7, 2004 or May 27, 2004, following the transfer, he was assaulted by defendants Dylag and Yackeren. (Docket No. 5, Order; *Marquez*, 05-CV-00016A, Docket No. 7, Amended Complaint; Docket No. 9, Decision and Order, filed July 18, 2005).

In the order to show cause the Court noted that the only distinction between the complaint in this action and the amended

complaint in 05-CV-0016A was the date or dates of the alleged assault. In the instant action plaintiff alleges that the assault occurred on January 7, 2005, whereas in the amended complaint in 05-CV-0016A plaintiff alleges that the assault occurred on February 7, 2004 or May 27, 2004. Both complaints allege that it was Dylag and Yackeren who assaulted plaintiff.

Plaintiff submitted an affirmation in response to the Court's order to show cause and requested that the Court consolidate the two actions or provide him leave to amend his complaint. (Docket No. 6). Plaintiff states that while the parties are the same, the assault and claims alleged herein are not because he is alleging that he was assaulted by Dylag and Yackeren on two separate occasions; the first assault alleged in 05-CV-0016A occurred on May 27, 2004, and the second one alleged in this action occurred on "10-05."[1] (Docket No. 6, Affirmation, ¶ 3-4).

Because the two actions involve the same parties and a common question of law or fact--i.e., an alleged failure to protect and an assault in violation of the Eighth Amendment to the United States Constitution--the Court finds that the best course of action is to consolidate this action with 05-CV-0016A, and direct plaintiff to

---

[1] The Court notes a discrepancy with respect to the date of the alleged assault in the instant action. The complaint alleges that the assault occurred on January 7, 2005 (Docket No. 1, Complaint, ¶ ¶ 5A, First Claim, 5A, Second Claim, at pp. 4-5), but the affirmation alleges that the assault occurred on "10-05."

file an amended complaint in 05-CV-0016A,[2] in which he alleges the allegations raised in both the complaint in this action and the amended complaint in 05-CV-0016A.  Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaints or amended complaints] of no legal effect."  <u>International Controls Corp. v. Vesco</u>, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, <u>Vesco & Co., Inc. v. International Controls Corp.</u>, 434 U.S. 1014, (1978); *see also* <u>Shields v. Citytrust Bancorp, Inc.</u>, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint in 05-CV-0016A must include all of the allegations against each of the defendants--Dylag, Yackeren, Corcoran and Berbary--against whom the case is going forward so that the amended complaint in 05-CV-0016A may stand alone as the sole amended complaint in 05-CV-0016A which the defendants must answer.

Plaintiff is advised that he should review the pleading in both actions and address any discrepancies there may with respect to the dates of the two assaults as referenced in his affirmation.  Upon filing the amended complaint in 05-CV-0016A, plaintiff shall also file a certificate of service certifying that he also forwarded a copy of the amended complaint to counsel for the defendants.  This

---

[2]The Court notes that 05-CV-0016 was previously consolidated with another action filed by plaintiff against the same defendants, *Marquez v. Conway, et al.*, 05-CV-0168A, in which he alleged that upon his transfer to A-Block he was assaulted by Dylag and Yackeren.  In effect, the complaint in 05-CV-0168A remedied the pleading failures of the complaint in 05-CV-0016A inasmuch as the complaint in 05-CV-0168A identified Dylag and Yackeren as the correctional officers who allegedly assaulted him upon his transfer to A-Block.  Plaintiff then filed the amended complaint in 05-CV-0016 referred to herein.

will be considered good and sufficient service of the amended complaint on the defendants in 05-CV-0016A.

IT IS HEREBY ORDERED that case numbers 05-CV-0016A and 08-CV-0107A are consolidated as case number 05-CV-0016A;

FURTHER, that all papers filed in case number 08-CV-0107A shall be papers in case number 05-CV-0016A, and, henceforth, all papers shall be filed in case number 05-CV-0016A;

FURTHER, that plaintiff shall file an amended complaint in 05-CV-0016A, as directed, by **March 6, 2009,** and shall forward a copy of the amended complaint to counsel for defendants in 05-CV-0016A;

FURTHER, that because 05-CV-0016A is currently stayed pursuant to the Soldiers & Sailors Civil Relief Act (05-CV-0016, Docket Nos. 20, 22 and 24), which this Order does not change in any manner, defendants' time in which to answer the amended complaint is stayed until the stay is no longer in effect and then defendants must file and serve an answer, pursuant to 42 U.S.C. § 1997e(g)(2), within 20 days of the date the stay is no longer in effect;

FURTHER, that the Clerk of the Court is directed to close this case-08-CV-0107A.

**SO ORDERED.**

S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   January 22, 2009
         Rochester, New York